IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALSTOM GRID LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-72-LPS-CJB |
| | ) | |
| CERTIFIED MEASUREMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM ORDER

At Wilmington, Delaware this **16th day of May, 2016**.

1. On March 23, 2016, declaratory judgment Plaintiff Alstom Grid LLC ("Alstom Grid") filed a Motion to Stay ("the Stay Motion"), (D.I. 73), seeking a stay of the case pending resolution of its Motion for Judgment on the Pleadings ("the Section 101 Motion"), (D.I. 46). In its Section 101 Motion, Alstom Grid argues that 23 claims from the three patents-in-suit asserted by declaratory judgment Defendant Certified Measurement, LLC ("Certified Measurement") are not patent-eligible pursuant to 35 U.S.C. § 101. (D.I. 47 at 2; D.I. 68) Certified Measurement opposes the Stay Motion. (D.I. 76)

2. This Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g.*, *FMC Corp. v. Summit Agro USA, LLC*, Civil Action No. 14-51-LPS, 2014 WL 3703629, at *2 (D. Del. July 21, 2014).

3. With regard to simplification, on the one hand, the number of asserted claims and

patents-in-suit at issue here suggests that (as compared to a one-patent case, for example) there might be a greater likelihood that at least some number of claims will survive the motion to dismiss. *See Yodlee, Inc. v. Plaid Techs. Inc.*, Civil Action No. 14-1445-LPS-CJB, D.I. 57 at 5 (D. Del. July 31, 2015) (noting the same in assessing a motion to stay pending resolution of a motion to dismiss, where the movant was arguing that all claims of the seven patents-in-suit are patent-ineligible under 35 U.S.C. § 101).[1] While the dismissal of some claims/patents would certainly narrow the dispute between the parties, such a resolution would still leave a significant portion of legal and factual issues for the surviving claims/patents unaddressed. On the other hand, the three asserted patents are related—they have the same inventors, claim priority to the same application, and have similar specifications. (D.I. 47 at 2) This fact suggests a greater possibility than in the typical case that the eligibility of at least some of the claims across the asserted patents may rise or fall together. Indeed, Alstom Grid's Section 101 Motion focused on a single purportedly representative claim in addressing the eligibility of all three asserted patents. (*See id.* at 9-10) In light of these largely counterbalancing considerations, the Court can find this factor to only slightly favor a stay.

4. As to the litigation's status, this matter is not at an early stage. (D.I. 76 at 9) By the time Alstom Grid first requested a stay pending resolution of its Section 101 Motion in March 2016, (D.I. 67), the litigation was 14 months old and the parties had engaged in written

---

[1] The Court notes that in a prior case involving the asserted patents, the United States District Court for the Eastern District of Texas denied a motion to dismiss premised on Section 101 grounds, finding that claim construction would be required in order to determine whether a Section 101 motion was well taken. *See Certified Measurement, LLC v. CenterPoint Energy Hous. Elec. LLC*, Case No. 2:14-CV-627-RSP, 2015 WL 1432324, at *2 (E.D. Tex. Mar. 30, 2015).

discovery, produced a number of documents, and were well into the claim construction process, (D.I. 76 at 9). Claim construction briefing will be completed by May 27, 2016, (D.I. 72 at ¶ 13), and will be followed by a *Markman* hearing on July 22, 2016. The current status of the case—not in the late stages, but not in the early stages either—slightly disfavors a stay.

5. With regard to undue prejudice, the parties are not competitors, (D.I. 74 at 9), but the record suggests the possibility that Alstom Grid may be pursuing an inappropriate tactical advantage by filing its Stay Motion at this time. It is notable that when Alstom Grid filed its Section 101 Motion back in September 2015, it did *not* seek a stay of the proceedings pending resolution of that motion. Indeed, a mere ten days after it filed the Section 101 Motion, Alstom Grid filed a brief *in opposition* to the stay being sought at that time by Certified Measurement pending resolution of an *inter partes* review proceeding regarding the asserted patents (a proceeding that had been instituted by non-parties). (D.I. 51) In doing so, Alstom Grid argued, *inter alia*, that "[w]hile the IPRs are pending, the parties can make substantial progress in discovery and the Court can make substantial progress in interpreting the patent[s] at issue and otherwise moving the action toward resolution." (*Id.* at 11 (internal quotation marks and citations omitted)) Now, however, at this later stage of the case and in the middle of claim construction, Alstom Grid seeks a stay pending resolution of its Section 101 Motion, and in support, has made some statements that are clearly inconsistent with its prior arguments to the Court.[2] Though Alstom Grid represents that it "does not bring [the Stay Motion] to gain an

---

[2] For instance, as Certified Measurement points out, (D.I. 76 at 9), in Alstom Grid's September 21, 2015 opposition to Certified Measurement's then-pending motion to stay the case pending *inter partes* review of the asserted patents, Alstom Grid stated that "[c]ontrary to Certified Measurement's assertions, this case is not at its earliest stages[,]" (D.I. 51 at 10 (internal quotation marks and citation omitted); *see also id.* at 4 ("Substantial time and resources

inappropriate tactical advantage," (D.I. 74 at 9), these curious facts cast real doubt on this representation. In the Court's view, this alone warrants considering the undue prejudice factor to militate against a stay.[3]

6.   In the end, while the simplification factor slightly favors a stay, the remaining two factors do not favor a stay. The Court believes that a stay would be inappropriate on the particular facts here, and THEREFORE, the Court hereby ORDERS that the Stay Motion is DENIED.

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

have already been invested in this case.")). Now, over seven months later (albeit with the case having been stayed from early January through the end of February), Alstom Grid tells the Court the opposite—that "[t]he case is [in] its infancy." (D.I. 74 at 1; *see also id.* at 7)

[3] Furthermore, although the potential for delay alone does not amount to undue prejudice, the Court is cognizant of the fact that the case has already been stayed once, to little beneficial effect. The prospect of a second pause in the case schedule could cause harm to Certified Measurement (if the Section 101 Motion is not ultimately resolved entirely in Alstom Grid's favor). (*See* D.I. 76 at 6-7)